IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02810-JLK

BALL FOUR, INC.,

    Appellant,

v.

2011-SIP-1 CRE/CADC VENTURE, LLC,

    Appellee.

---

**JOINT CASE MANAGEMENT PLAN FOR BANKRUPTCY REFERRAL [1]**

---

**1.    APPEARANCES OF COUNSEL**

    For Appellant:

    Patrick D. Vellone, Esq.
    Jordan Factor, Esq.
    Mark A. Larson, Esq.
    ALLEN & VELLONE, P.C.
    1600 Stout Street
    Suite 1100
    Denver, CO 80202
    303-534-4499
    pvellone@allen-vellone.com
    jfactor@allen-vellone.com
    mlarson@allen-vellone.com

---

[1] This is the first bankruptcy administrative appeal (AP) case presenting mixed claims for appellate review and referrals for review, *de novo,* of recommended findings and conclusions under *Stern v. Marshall,* __ U.S. __ , 131 S. Ct. 2594 (2011). Judge Brown below construed *Stern* as limiting bankruptcy courts' final decision-making authority to core bankruptcy claims and permitting them to do no more than issue proposed findings and conclusions on related non-core matters. Given the unique appellate posture and the parties' disagreements regarding how to proceed in the district court, I directed the parties to prepare the instant Joint Case Management Plan suggesting filing deadlines and a briefing schedule for the issues raised. *See* Minute Order (Doc. 10)(text entry).

For Appellee:

Steven A. Klenda, Esq.
ADROIT ADVOCATES, LLC
1624 Market Street, Suite 202
Denver, CO  80202
(720) 432-5705
sklenda@adroitadvocates.com

## 2. STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION

Appellant Ball Four is a reorganized debtor under a plan of reorganization approved pursuant to 11 U.S.C. § 1129(b).  Appellant initiated an adversary proceeding against Appellee ("SIP") pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (K) and pursuant to Fed. R. Bankr. P. 7001(1), (2), (8), and (9).  The adversary proceeding asserted claims for equitable subordination pursuant to 11 U.S.C. § 510 and disallowance under 11 U.S.C. § 502(b)(1) ("Core Claims") as well as three claims for breach of contract ("Non-Core Claims").

The Bankruptcy Court determined that it could enter final orders on the Core Claims pursuant to 28 U.S.C. §§ 157(b)(2)(B), (K), and (O).  For the Non-Core Claims, the bankruptcy court concluded that, pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and informed by its progeny in *Executive Benefits Insurance Agency v. Arkinson (In re Bellingham Insurance Agency, Inc.)*, 702 F.3d 553 (9th Cir. 2012) *cert. granted* 133 S. Ct. 2880 (Jun. 24, 2013) (No. 12-1200), *Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751 (7th Cir. 2013), and *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012), it could only enter proposed findings of fact and conclusions of law, subject to *de novo* review by an Article III tribunal.

The Bankruptcy Court granted SIP's Motion for Summary Judgment as to the Core Claims and dismissed the same.  The court entered proposed findings and conclusions recommending the grant of summary judgment and dismissal of the Non-Core Claims.

With respect to the grant of summary judgment on the Core Claims, Appellant timely filed a Notice of Appeal and moved for leave to appeal pursuant to Fed. R. Bankr. P. 8003.  That motion is pending and will be opposed.  Appellant moved, pursuant to Fed. R. Bankr. P. 9033(c), for an extension of time to file objections to the proposed findings and conclusions.

The Court has jurisdiction to hear interlocutory appeals from the United States Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(3).  This Court has jurisdiction to enter final orders and judgments following *de novo* review of a bankruptcy judge's proposed findings and conclusions pursuant to 28 U.S.C. § 157(c)(1).

## 3. DATES OF FILING OF RELEVANT PLEADINGS

    A.  Date Bankruptcy Court Order Entered:   September 30, 2013

    B.   Date Notice of Appeal Filed:    October 14, 2013

**4.    STATEMENT REGARDING THE ADEQUACY OF THE RECORD**

<u>Appellant's Position</u>:   SIP filed its Motion for Summary Judgment on the day after filing its Answer.  Appellant filed a Motion to Strike SIP's Motion for Summary Judgment, which was denied.  Appellant contends that the record was inadequate to support entry of judgment.

<u>Appellee's Position</u>:   SIP's summary-judgment motion was substantively the same as SIP's previously-filed motion to dismiss.  The bankruptcy court invited SIP to refile its dismissal motion as a summary-judgment motion after the bankruptcy court concluded it could not properly construe the relevant loan documents, which SIP's motion-to-dismiss attached but Appellant's complaint omitted, in a motion to dismiss. The bankruptcy court found that no further record was necessary to construe the unambiguous loan documents. While Appellant's summary-judgment motion was pending, the bankruptcy court granted Appellant's motion to stay discovery pending the bankruptcy court's summary-judgment decision.

**5.    STATEMENT REGARDING ADDITIONAL EVIDENCE**

Given that this matter is on *de novo* review of the Bankruptcy Court's proposed findings and conclusions and, if leave is granted, on interlocutory appeal of the Bankruptcy Court's order granting summary judgment, no additional evidence will be submitted.

**6.    STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

<u>Appellant's Position</u>:   The Bankruptcy Court stated that it was recommending summary judgment "reluctantly," but determined that *Alpine Bank v. Hubbell*, 555 F.3d 1097 (10th Cir. 2009) compelled the result.  Assuming that the Bankruptcy Court interpreted correctly the Tenth Circuit's decision in *Alpine Bank*, Appellant contends that *Alpine Bank*'s determination of Colorado law is contrary to the way in which the Colorado Supreme Court would rule on the issue.  Because such question of law may be determinative of the issues presented in the proposed findings and conclusions and those presented in the interlocutory appeal and because there is no controlling precedent in the decisions of the Colorado Supreme Court, Appellant contends that this Court should certify the question to the Colorado Supreme Court pursuant to C.A.R. 21.1.

<u>Appellee's Position</u>:   SIP believes that *Alpine Bank* correctly and straightforwardly Colorado's settled and long-standing rule that the covenant of good faith and fair dealing cannot override or trump express contractual provisions. Certification is not routinely invoked in addressing even an *unsettled* question of state law, and only appropriate for such an unsettled question is "sufficiently novel" that a federal court "feel[s] uncomfortable attempting to decide it without further guidance." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1235 (10th Cir. 2012). *Apline Bank* did not believe that the issue before it was either novel or unsettled. Thus, certification is inappropriate.

**7.     OTHER MATTERS**

Appellant Ball Four, Inc. has filed a Motion for Leave to Appeal (Doc. 2), seeking interlocutory appeal of the Bankrtuptcy Court's September 30, 2013 Order granting summary judgment on those claims deemed core claims under *Stern.*  The Motion is opposed and is in briefing.

**8.     BRIEFING SCHEDULE**

| | | |
|---|---|---|
| **A.** | **Appellant's Opening Brief Due:** | **28 days from the date on which an order enters deciding Appellant's Motion for Leave to Appeal (Doc. 2), <u>or as otherwise ordered by the district court judge to whom this matter is drawn</u>.  If leave to appeal is granted, Appellant shall submit an omnibus brief that both objects to the Bankruptcy Court's proposed findings and conclusions and that directly appeals the Bankruptcy Court's order granting summary judgment on the Core Claims.  If leave to appeal is denied, Appellant shall submit only its objections to the proposed findings and conclusions.** |
| **B.** | **Appellee's Response Brief Due:** | **28 days after Appellant submits its opening brief, <u>or as otherwise ordered by the district court judge to whom this matter is drawn</u>.** |
| **C.** | **Appellant's Reply Brief:** | **28 days after Appellee submits its response brief, <u>or as otherwise ordered by the district court judge to whom this matter is drawn</u>.** |

**9.     STATEMENTS REGARDING ORAL ARGUMENT**

| | | |
|---|---|---|
| **A.** | **Appellant's Statement:** | Appellant believes that, given the complexity of the issues, oral argument will assist the Court in determining this matter. |
| **B.** | **Appellee's Statement:** | Oral argument is not necessary because the bankruptcy court straightforwardly applied settled bankruptcy and Colorado law, and argument will only |

further delay the resolution of this case.

**10.    CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

*Indicate below the parties' consent choice*.

A.   (   )   **All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

B.   ( X )   **All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

**11.   AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LCivR 7.1(C) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED UPON THE MOVING ATTORNEY'S CLIENT, ALL ATTORNEYS OF RECORD, AND ALL PRO SE PARTIES.

*The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.*

DATED this 13th day of November, 2013.

**John L. Kane**
SENIOR U.S. DISTRICT JUDGE

APPROVED:

ALLEN & VELLONE, P.C.                ADROIT ADVOCATES, LLC

By:   */s/ Jordan Factor*           By:   */s/Steven A. Klenda*
      Jordan Factor                        Steven A. Klenda
      Attorney for Ball Four               Attorney for SIP
      1600 Stout Street, Suite 1100        1624 Market Street, Suite 202
      Denver, CO  80202                    Denver, CO 80202